**Floyd E. SWARTZ, Jr., Appellant,**

**v.**

**INTERNAL REVENUE SERVICE; Commissioner of I.R.S.; Marilyn Smith, Individually, and in her Official Capacity as Manager; BMF Unit–2; Adjustments/Correspondence Branch; Don Murray, Individually, Appellees.**

No. 89–1276.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 15, 1989.

Decided Sept. 20, 1989.

Rehearing Denied Nov. 1, 1989.

Floyd E. Swartz, Jr., pro se.

Edward H. Funston, Kansas City, Mo., for appellees.

Before McMILLIAN, JOHN R. GIBSON, and MAGILL, Circuit Judges.

## PER CURIAM.

Floyd E. Swartz, a discharged federal employee, appeals from the district court's[1] dismissal for lack of subject matter jurisdiction, his action against the Internal Revenue Service (IRS) and certain of its employees, alleging numerous constitutional violations, breach of a collective bargaining agreement, and a *Bivens*-type claim in connection with his termination. 702 F.Supp. 780. We affirm.

On February 2, 1987, Swartz was hired by the IRS as a tax examining clerk. His appointment was subject to completion of a one-year probationary period of employment. After a series of disagreements with his supervisors and the filing of grievances, Swartz was terminated on November 21, 1987, for lack of productivity. Swartz filed suit on May 6, 1988, against the IRS and various defendants in their individual and official capacities, alleging that his termination was illegal because it was a breach of the National Centers (collective bargaining) Agreement, and that the defendants violated his first, fourth, fifth, seventh, and fourteenth amendment rights. The IRS moved to dismiss under Federal Rule of Civil Procedure 12(b)(1) and (6).

The court found that it had no jurisdiction to consider whether Swartz was illegally dismissed because the Civil Service Reform Act of 1984 limited review of adverse personnel decisions, citing *United States v. Fausto*, 484 U.S. 439, 108 S.Ct. 668, 673–74, 98 L.Ed.2d 830 (1988). The court stated that this Act provided for exclusive review in the federal circuit, and only of actions appealable to the Merit Systems Protection Board which result in a final order. *See* 5 U.S.C. §§ 7701, 7703. Further, it noted that probationary employees are excluded from "employees" within the meaning of 5 U.S.C. § 7511(a)(1)(A) and thus have no right to appeal to the Board.

The district court also found that the Act encompassed regulation of enforcement of collective bargaining agreements, citing 5 U.S.C. § 7101. It additionally determined that the complaint failed to state a claim for which relief could be granted under *Bivens* in the wake of *Schweiker v. Chilicky*, —— U.S. ——, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988).

Under *United States v. Fausto*, 108 S.Ct. 668, it is clear that the Civil Service Reform Act of 1984 provides a comprehensive scheme for review of federal personnel actions. *Id.* at 673. Probationary employees, however, have only limited rights of appeal to the Merit Systems Protection Board. *See id.* at 673–75; *Bush v. Lucas*, 462 U.S. 367, 385 n. 28, 103 S.Ct. 2404, 2415 n. 28, 76 L.Ed.2d 648 (1983) (no remedy whatsoever for personnel actions against probationary employees). Similarly, because of his probationary status, Swartz is not provided relief under the collective bargaining agreement. The government notes, however, that Swartz may have other remedies available, *i.e.*, a grievance procedure, pursuit of his allegations through the Office of Special Counsel of the Merit Systems Protection Board, and the filing of an unfair labor practice charge with the Federal Labor Relations Authority.

In *Bush v. Lucas*, 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648, the Supreme Court refused to imply a *Bivens* damage remedy against a federal employee's supervisor for alleged constitutional violations. The Court found that the plaintiff's only remedies were provided by the Civil Service Reform Act of 1984, *id.* at 389–90, 103 S.Ct. at 2417–18, and noted that this area had received special attention from Congress. *Id.* at 380–88, 103 S.Ct. at 2412–17. Both *Chilicky* and *Bush* militate against fashioning a *Bivens* remedy even where "'existing remedies do not provide complete relief for the plaintiff.'" *Chilicky*, 108 S.Ct. at 2467 (quoting *Bush*, 462 U.S. at 388, 103 S.Ct. at 2417). We note that Congress has intentionally omitted certain

[1]. The Honorable Joseph E. Stevens, Jr., United States District Judge for the Western District of Missouri.

damage remedies for probationary employees, and thus, we decline to afford a *Bivens* remedy in this case.

Appellant's pro se brief is limited to presentation of arguments relating to the merits of the case, and in view of our conclusion that the district judge properly dismissed this case, we do not reach these issues.

Accordingly, we affirm.